77 F.3d 460
 151 L.R.R.M. (BNA) 2928
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
ASOCIACION DE MAESTROS DE PUERTO RICO, Petitioner,
v.
NATIONAL LABOR RELATIONS BOARD, Respondent. NATIONAL LABOR
RELATIONS BOARD, Petitioner,
v.
ASOCIACION HOSPITAL DEL MAESTRO, INC., et al., Respondent.
 Nos. 95-1642, 95-1740.
 United States Court of Appeals, First Circuit.
 Feb. 28, 1996.
 
 Zaida Prieto Rivera, with whom Cancio, Nadal, Rivera & Diaz was on brief for Asociacion de Maestros de Puerto Rico.
 Fred L. Cornnell, with whom Frederick L. Feinstein, General Counsel, Linda Sher, Associate General Counsel, and Aileen A. Armstrong, Deputy Associate General Counsel, were on brief for NLRB.
 N.L.R.B.
 ORDER ENFORCED.
 Before SELYA, CYR and BOUDIN, Circuit Judges.
 ON PETITIONS FOR REVIEW AND ENFORCEMENT OF AN ORDER OF THE
 NATIONAL LABOR RELATIONS BOARD
 PER CURIAM.
 
 
 1
 Asociacion de Maestros de Puerto Rico ("AMPR") petitions for review of a National Labor Relations Board order which determined that AMPR and Asociacion Hospital del Maestro, Inc. ("the Hospital") constitute one employer under the so-called "single employer" doctrine. See Penntech Papers, Inc. v. NLRB, 706 F.2d 18, 25 (1st Cir.), cert. denied, 464 U.S. 892 (1983). In the companion case, the National Labor Relations Board applies for enforcement.
 
 
 2
 As the record discloses substantial evidentiary support for the "single employer" finding; see 29 U.S.C. § 152(2) (Supp.1995); Penntech Papers, Inc., 706 F.2d at 22-25, and the Board's subsidiary findings are not challenged,[1] we uphold the "single employer" ruling, dismiss the petition for review in No. 95-1642, and direct enforcement of the Board's order.
 
 
 3
 SO ORDERED. See Loc. R. 27.1 (1st Cir.).
 
 
 
 [1]
 We note, nonetheless, that whether the "single employer" label fits may well depend in some measure on the nature of the underlying unfair labor practice claim. In the present case, the dispute concerned whether financial information about one company should be disclosed in connection with collective bargaining between the other company and its union. We have little difficulty in concluding that the relationship between these companies, viewed in light of this unfair labor practice claim, afforded ample basis for the Board order. Whether the same result should obtain in the context of a different unfair labor practice claim need not be decided